UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| TOP PRODUCT INNOVATIONS, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ISMS LTD., DENNIS BELLAFIORE, )<br>OWEN BLEVINS, and LIAM BLEVINS, )<br>)<br>Defendants. ) | Civil Action No. 3:21-cv-484<br><br>**CONSENT TEMPORARY RESTRAINING ORDER and NOTICE OF HEARING** |

**THIS MATTER** is before the Court on the Plaintiff's Emergency Motion for Temporary Restraining Order and for Order to Show Cause Why Preliminary Injunction Should Not Issue pursuant to Federal Rule of Civil Procedure 65 (Doc. No. 5) and on Plaintiff's Motion for Expedited Discovery (Doc. No. 6). The parties have consented to the entry of this Temporary Restraining Order in the interest of preserving the status quo and filed an accompanying Joint Motion for Temporary Restraining Order (Doc. No. 11). Based on the consent of all the Parties, and after careful consideration of the record, the Court GRANTS the motions and makes the following findings of fact and conclusions of law:

TPI sought the emergency assistance of this Court in preventing its former independent contractor, ISMS Limited ("ISMS"), ISMS's president Dennis Bellafiore ("Bellafiore"), and two former employees, Owen Blevins and Liam Blevins (collectively "Defendants") from use or dissemination of information in Defendants' possession that TPI contends is confidential, proprietary, and trade secret information ("TPI Information").

Plaintiff has shown a likelihood of success on the merits and a likelihood of imminent irreparable harm, which justifies issuance of this TRO. TPI faces imminent and irreparable harm

from the use or dissemination of TPI Information. Additionally, there is little harm to Defendants in granting an injunction, which only requires Defendants to avoid using or disseminating TPI Information. Lastly, the public interest is furthered by the granting of a TRO by protecting TPI Information, which is used in interstate commerce to improve indoor air quality.

The Court is issuing this Order with the consent of the parties because the parties are attempting to resolve this matter through private settlement. The Court enters this Temporary Restraining Order ("TRO") and Order for Expedited Discovery to facilitate those settlement discussions or, in the alternative, to allow the parties to prepare for a preliminary injunction hearing.

Pursuant to Rule 65(b)(2), Defendants consent to an extension of the time period for this TRO until the Court's hearing on Plaintiff's Motion for Preliminary Injunction on October 12, 2021.

Accordingly, Defendants are **TEMPORARILY RESTRAINED AND ENJOINED** from

1) Transmitting, disclosing, using, or communicating in any matter whatsoever, except as otherwise required by this order, either directly or indirectly, any TPI Information they took from TPI in whatever form, including but not limited to:

    a) the hard drive removed from the Lenovo ThinkPad used by Owen Blevins in his employment with TPI,

    b) the information transferred from the Alienware Laptop used by Liam Blevins in his employment with TPI, and

    c) the information downloaded from TPI's Box files by Bellafiore and Liam Blevins in June and August of 2021.

2) Destroying or altering any TPI Information.

Defendants are further **ORDERED** to:

1) Immediately preserve and cease use of the TPI Information, whether it is contained on/or in any and all computers, similar equipment, files, systems, removable digital media such as USB storage devices, SD cards, CD/DVDs, hard drives, smartphones, or any similar device on which data may be stored, in their custody, possession or control, as well as any web or "cloud" based email, storage, CRM or backup service, including, without limitation, Google Drive, Dropbox, Box.com, Gmail, Yahoo, AOL, Microsoft Azure, AWS, Salesforce and/or Carbonite and any and all related hyperlinks.

2) Immediately preserve and return to TPI the hard drive removed from the Lenovo ThinkPad used by Owen Blevins in his employment with TPI.

Defendant ISMS is **TEMPORARILY RESTRAINED AND ENJOINED** from violating, either directly or indirectly, the terms of its Non-Disclosure Agreement with TPI. Accordingly, ISMS must will take all necessary and appropriate actions to safeguard the TPI Information and use its best efforts to prevent and protect the TPI Information, or any part thereof, from disclosure to any person other than TPI or its forensic expert, Clark Walton of Reliance Forensics.

Further, Defendants are hereby **ORDERED** to engage in expedited discovery as follows:

1) Immediately preserve any electronically stored information that has been saved on any and all devices or other storage mediums, as identified or described in Section 2 above, in their custody, possession or control.

2) Immediately provide physical or electronic access to Clark Walton of Reliance Forensics of the following electronic storage device(s) and/or other devices or other storage mediums containing TPI Information, including but not limited to devices:

3

(a) onto which information was transferred from the Alienware Laptop used by Liam Blevins in his employment with TPI and

(b) onto which Dennis Bellafiore and Liam Blevins downloaded from TPI's Box files.

3) Disclose to Plaintiff, no later than ten (10) business days from the date of the Court's Order, any and all information and data they downloaded, copied, or otherwise took away from TPI that:

a) Defendants may have used at any time subsequent to or related to the ending of Defendants Owen Blevins and Liam Blevins' employment with TPI and the termination of the independent contractor agreement between TPI and Defendants ISMS and Bellafiore; and

b) Defendants may have disclosed to any third party following Defendants' resignation from TPI, including the name, date, and contact information for the individual or entity to whom said disclosure was made. This accounting must also include a disclosure of each and every TPI customer or prospective customer (including any dealer, distributor, or end user) contacted by Defendants, directly or indirectly, regarding Defendants' departure from TPI or regarding any air quality product or service since Defendants' termination from TPI, including the dates, manner, and scope of the contact; and

4) Within no later than ten (10) business days from the date of the Court's order, instruct each of the individuals and companies identified in Section 3(b) above that they must immediately cease and desist from using such information and/or files, and immediately return such information and files.

Finally, the parties' joint motion requested the Court set a hearing on the preliminary injunction after October 22, 2021; however, given the issues raised in a motion for preliminary

injunction—including the assertion of irreparable harm—the Court finds that a hearing as soon as practically possible, while also allowing a reasonable briefing schedule, to be paramount. Therefore, the parties are directed to **TAKE NOTICE** that an evidentiary hearing on Plaintiff's Motion for a Preliminary Injunction shall take place at 2:00 p.m. on Tuesday, October 12, 2021, at the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202, in Courtroom #5B. Each side will be permitted thirty (30) minutes for the presentation of evidence and oral argument, and Defendants may allocate their allotted time among them as they so choose. Evidence submitted with the parties' briefing need not be represented to the Court and can instead be highlighted and/or summarily referenced by counsel. The motion for preliminary injunction[1] shall be filed no later than Wednesday, September 29, 2021, and the response shall be filed no later than Wednesday, October 6, 2021. Briefs shall be limited to 4,500 words, excluding captions, signature blocks, and exhibits. Given the expedited discovery and disclosures agreed to be made in ten (10) business days, the Court will allow each side to file supplemental brief limited to 1,500 words, excluding captions, signature blocks, and exhibits, no later than Friday, October 8, 2021.

The parties shall also **TAKE NOTICE** that during the hearing on October 12, 2021, the Court will also conduct a scheduling conference pursuant to Rule 16(b)(1)(B) of the Federal Rules of Civil Procedure to discuss deadlines and other scheduling issues so that a Case Management Order can be entered as soon as practicable to allow this case to proceed to trial on the Court's trial term beginning March 7, 2022.

---

[1] The parties' Joint Motion (Doc. No. 11) references a "pending" Motion for Preliminary Injunction. To the extent Plaintiff's original Motion (Doc. No. 5) sought to include a Motion for Preliminary Injunction in addition to the Motion for a TRO and Show Cause Order, the Court directs Plaintiff to resubmit a new motion and memorandum.

**IT IS THEREFORE ORDERED** that the Motion for Temporary Restraining Order (Doc. No. 5), Motion to Expedite Discovery (Doc. No. 6), and Joint Motion for Temporary Restraining Order (Doc. No. 11) are GRANTED as set forth herein.

**IT IS FURTHER ORDERED** that a hearing on a Motion for Preliminary Injunction (to be filed by September 29, 2021) and a scheduling conference pursuant to Fed. R. Civ. P. 16(b)(1)(B) shall take place at 2:00 p.m. on October 12, 2021, in Courtroom #5B of the Charles R. Jonas Federal Building.

**IT IS SO ORDERED.**

Signed: September 23, 2021

Frank D. Whitney
United States District Judge

| | |
|---|---|
| */s/ Bridget A. Blinn-Spears* | */s/ Sarah Motley Stone* |
| Bridget A. Blinn-Spears | Mark P. Henriques (N.C. Bar No. 18701) |
| N.C. State Bar No.: 43636 | Sarah Motley Stone (N.C. Bar No. 34117) |
| BBlinn-Spears@nexsenpruet.com | WOMBLE BOND DICKINSON (US) LLP |
| Caitlin Mitchell | One Wells Fargo Center, Suite 3500 |
| N.C. State Bar No.: 53050 | 301 S. College Street |
| CMitchell@nexsenpruet.com | Charlotte, N.C. 28202 |
| Nexsen Pruet, PLLC | Tel: (704) 331-4900 |
| 4141 Parklake Avenue, Suite 200 | Fax: (704) 331-4955 |
| Raleigh, NC 27612 | Email: Mark.Henriques@wbd-us.com |
| Telephone: (919) 678-7593 | Email: Sarah.Stone@wbd-us.com |
| Facsimile: (919) 890-4540 | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiff Top Product Innovations, Inc.* | |